UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBERT BELL, JR., | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 1:09-CV-106-LMB |
| PAULA PHILLIPS, et al., | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's complaint and motion for leave to proceed in forma pauperis filed on July 29, 2009. Plaintiff, an inmate at the Southeast Correctional Center ("SECC"), has filed at least three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim.[1] Under 28 U.S.C. § 1915(g), therefore, the Court may not grant the motion unless, at the time of filing his complaint, plaintiff was "under imminent danger of serious physical injury."

**The complaint**

Plaintiff brings this 42 U.S.C. § 1983 action against the State of Missouri, "Jerimiah Nixon," and thirty SECC employees. Plaintiff alleges that defendants are conspiring to deny him "access to the courts and to threaten to assault, assault and torture [him]." He claims he is in "imminent danger of losing the rest of his life in prison," because defendants are preventing him from having access to the law library and "moving forward [with] his Fed. Habeas Corpus petition." Plaintiff summarily claims that "defendants constantly make [him] a vulnerable victim of assaults" and hate crimes, and he seeks "redress . . . for the last two years of the defendants' daily constant assaults of his person" by

---

[1] See Bell v. Rigel, No. 4:04-CV-706-HEA (E.D.Mo.); Bell v. Steele, No. 1:06-CV-144-LMB (E.D.Mo.); Bell v. Steele, No. 1:07-CV-25-LMB (E.D.Mo.).

way of "handcuffing inmates behind their backs for long durations of time." He also claims that defendants Babich and Hakala have failed to treat his serious medical injuries to his shoulder joints by prescribing him "pain meds in the form of cortisone injections." Plaintiff alleges that on February 10, 2008, Dr. Qasirani and Dr. Matteson discontinued his depression and anxiety medication to "further[] the defendants' conspiracy to mentally and physically injury [sic] [him] for filing institutional grievances, demanding access to the law library and exposing their discriminatory actions of abuse.

**Discussion**

The Court notes that on July 10, 2009, plaintiff had filed another § 1983 lawsuit against almost all of the same defendants who are named in the instant action.[2] See Bell v. Phillips, No. 1:09-CV-86-LMB (E.D. Mo. 2009).[3] The allegations were substantially similar to those asserted in the instant complaint, except that plaintiff had alleged in the earlier lawsuit that on five specific occasions, between February 6 and April 10, 2008, defendants allowed his hands to be cuffed behind his back for more than ten minutes "against an inferred doctor's order which clearly state[d] that [plaintiff's] shoulders have a very limited range of motion." This Court dismissed plaintiff's action, *inter alia*, on

---

[2]Defendants State of Missouri, Jerimiah Nixon, Dr. Unknown Hakala, Mike Kenna, and Joshua D. Cook were not named as defendants in the July 10, 2009 complaint.

[3]This Court dismissed the action, finding no factual allegations showing that, at the time of filing his complaint, plaintiff was in imminent danger of serious physical injury. Moreover, regarding the merits of plaintiff's allegations, the Court noted that mere negligence in diagnosing or treating a medical condition does not rise to the level of a constitutional violation, Estelle v. Gamble, 429 U.S. 97, 106 (1976), and a mere disagreement over treatment methods also does not rise to the level of a constitutional violation. Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990). The Court noted that plaintiff was attempting to base a deliberate-indifference claim on his own opinion as to what medical treatment he should have received or on a doctor's alleged negligence. See Alberson v. Norris, 458 F.3d 762, 765 (8th Cir. 2006) (disagreement with treatment decisions does not rise to level of constitutional violation; to establish deliberate indifference, plaintiff must show more than even gross negligence); Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996)(inmates have no constitutional right to particular type of treatment).

the ground that there were no factual allegations showing that, at the time of filing his complaint, plaintiff was in imminent danger of serious physical injury. Now, in the instant action, plaintiff is claiming that the "handcuff torture" occurred on a daily basis for the past two years. The Court finds, however, that plaintiff is judicially estopped from asserting daily torture in the case at bar, because this position is clearly inconsistent with the position he took in Bell v. Phillips, No. 1:09-CV-86-LMB (E.D. Mo. 2009). See New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001)(noting that the purpose of judicial estoppel is to protect the integrity of the legal process by prohibiting parties from changing positions according to the exigencies of the moment). The Court relied on plaintiff's allegations in the earlier case in finding that he was barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g) and dismissing the action, without prejudice to plaintiff refiling his claims and paying the $350 filing fee.

Finding no factual allegations demonstrating that plaintiff was in imminent danger of serious injury at the time he filed the instant complaint, this case will be dismissed, without prejudice to plaintiff refiling his claims in a fully-paid action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to expedite [Doc. #5] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 26th day of <u>October</u>, 2009.

<u>　/s/ Jean C. Hamilton　</u>
　UNITED STATES DISTRICT JUDGE